**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **MARGARET KWIATKOWSKI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 23 CV 50456** |
| | ) | **Trial by Jury Demanded** |
| | ) | |
| **LAND AIR SEA SYSTEMS, INC.** | ) | |
| **and STEVE COOPER, individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

NOW COMES the plaintiff, Margaret Kwiatkowski, by and through her attorneys, Favaro & Gorman, Ltd., and for her First Amended Complaint against Land Air Sea Systems, Inc. and Steve Cooper, individually, states as follows:

## NATURE OF THE ACTION

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42. U.S.C. §2000(e) *et. seq.* (Title VII), and the Illinois Human Rights Act (775 ILCS 5/2-101 *et. seq.*) for sexual harassment, sexual harassment (hostile work environment), retaliation and claims arising under the common laws of Illinois including negligent retention and negligent supervision.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 28 U.S.C. §§451, 1331 (federal question), 1337, 1343(civil rights) and 1345.

3.      The action is brought pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3) and pursuant to §102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A, The Illinois Human Rights Act 775 ILCS 5/1-101 *et seq.* ("IHRA") and pendant jurisdiction under 28 U.S.C. §1367 (a).

1

4.     The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Western Division.

## PARTIES

5.     Plaintiff, Margaret Kwiatkowski (hereinafter "Kwiatkowski") is an individual who at all times relevant hereto, lived and was employed in Woodstock, McHenry County, Illinois.

6.     Defendant Land Air Sea Systems, Inc. (hereinafter, "LASS") is an Illinois corporation located and doing business in Woodstock, McHenry County, Illinois.  LASS has more than fifteen employees, and is an employer engaged in industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b)(g) and (h).  It is also an employer as defined by the Illinois Human Rights Act 775 ILCS 5/2-101(A)(1).

7.     Defendant Steve Cooper (hereinafter "Cooper") is an individual who at all times relevant hereto was employed at Respondent as interim CEO in Woodstock, McHenry County, Illinois.  He is an employer under the Illinois Human Rights Act 775 ILCS 5/2-101(B)(1)(b) and (d).

## PROCEDURAL POSTURE

8.     On January 27, 2023, a charge of discrimination (Land Air Sea Systems 2023 CF 0746) was filed with the Illinois Department of Human Rights and cross filed with the U.S. Equal Employment Opportunity Commission.  *See* copy of charge of discrimination attached hereto as Exhibit "A" and made a part hereof.

9.     On September 26, 2023, the Illinois Department of Human Rights issued a Notice of Substantial Evidence (Land Air Sea Systems 2023 CF 0746) which was received by plaintiff on

September 29, 2023. *See* copy of charge of discrimination attached hereto as Exhibit "B" and made a part hereof.

10.     On January 31, 2023, a charge of discrimination (Steve Cooper 2023 CF 0785) was filed with the Illinois Department of Human Rights and cross filed with the U.S. Equal Employment Opportunity Commission. *See* copy of charge of discrimination attached hereto as Exhibit "C" and made a part hereof.

11.     On September 26, 2023, the Illinois Department of Human Rights issued a Notice of Substantial Evidence and Notice of Dismissal (Steve Cooper 2023 CF 0785) which was received by plaintiff on September 29, 2023. *See* Finding attached hereto as Exhibit "D" and made a part hereof.

12.     On December 23, 2023, Kwiatkowski requested a Notice of Right to Sue (Land, Air Sea Systems 2023 CF 0746) from the U.S. Equal Employment Opportunity Commission. *See* Request for Notice of Right to Sue attached hereto as Exhibit "E" and made a part hereof. Said Notice will be filed upon receipt.

13.     Kwiatkowski has met all procedural requirements to bring this suit.

## **GENERAL ALLEGATIONS**

14.     Kwiatkowski was introduced to Rob Wagner (hereinafter "Wagner"), Defendant's Owner through a mutual acquaintance.

15.     In Mid-March 2022, Kwiatkowski and Wagner were discussing her potential employment with LASS, she was supposed to start her employment on April 1, 2022.

16.     In this same period of mid-March 2022, Kwiatkowski told Wagner, Owner that Cooper was creepy toward another young, approximately 20-year old female at a bar, and he told her he would give her money if she would hang out with him. In response, Wagner told

Kwiatkowski told "he's harmless", "this is what we old rich men do", and "Cooper is not that bad. What would you do if you were as wealthy and bored as us?"

17.     Kwiatkowski began her employment with LASS at its location in Woodstock, McHenry County, Illinois on April 1, 2022.

18.     At the time of her hire, Kwiatkowski was told by Wagner, Owner that she was hired for the position of Vice President of Sales and her duties would include putting together training modules and hiring and managing a sales team.

19.     At the time of hire, Kwiatkowski was told she would be paid a $200,000 salary annually, and she would receive an employment contract.

20.     After her complaint to Wagner about Cooper in March 2022 which occurred after their discussion about her employment, but before her start date, Kwiatkowski never received an employment contract, and she was placed in a straight sales position. She was never allowed to undertake any of the initially represented responsibilities and never trained.

21.     During her employment, Kwiatkowski's supervisor was Steve Cooper, Interim CEO.

22.     Throughout her employment and continuing until June 2022, Kwiatkowski's co-worker who eventually became her supervisor, Steve Cooper ("hereinafter "Cooper"), Interim CEO subjected her to sexual advances including but not limited to the following:

- Stating to Kwiatkowski "hey there's the blonde bombshell" or "bombshell"(almost daily April 2022 - July 2022).
- Hugging Kwiatkowski (April 2022-July 2022).
- Looking at Kwiatkowski with elevator eyes (April 2022-July 6, 2022).
- Asking Kwiatkowski to sit near him during a meeting, "as he won't bite" (May 10, 2022)
- While advising Kwiatkowski on how to make sales, describing another female who closed deals by wearing short skirts, knowing how to cross and uncross

her legs , wearing revealing shirts and pushing up her assets, which he then demonstrated   (May 10, 2022 and referenced again at times thereafter).

- After seeing Kwiatkowski hug someone else, inquiring why he was not greeted that way, and telling Kwiatkowski he wanted a hug like that  (June 21, 2022). He continued to ask about this for weeks thereafter.

- In front of Rob Wagner, Owner telling Kwiatkowski I need you to "use your money maker", and he pushed up his breasts with his hands. He also told Kwiatkowski "maybe you should dress differently".   Commented on my clothing, asked if I have skirts and dresses,  told Kwiatkowski I needed to wear a push up bra and short skirts, and I should use my "assets", joked that I should have dressed for my meeting with him, and commented on my breasts. I responded by snarkingly stating I could not help the way her clothing fit, and perhaps I should get a reduction. They then joked and laughed about having sexual harassment insurance (June 27, 2022).

- Rob Wagner, Owner telling Kwiatkowski to "lead my army of hot women" or "army of hot smart women"  (March 14, 2022 and April 30, 2022).

23.     In April 2022, Kwiatkowski restated her complaints to Rob Wagner about Cooper's sexually inappropriate conduct toward she and the young woman and that she felt Cooper was a "creeper".

24.     On June 28, 2022, after Cooper made sexually inappropriate comments about Kwiatkowski's body and clothing, Kwiatkowski told Rob Wagner that Cooper was a "creeper".

25.     On Wednesday, July 6, 2022, Steve Cooper emailed Kwiatkowski to state that as of this Friday, this will be your last paycheck.  Thereafter, you will be paid straight commission paid monthly. Kwiatkowski's boyfriend, who knew Cooper, complained on Kwiatkowski's behalf, and she complained directly in response to this change.  Thereafter Cooper stopped communicating with her as much.

26.     On July 22, 2022, Kwiatkowski's compensation was reduced to $75, 000 annually plus commission.

27.     In July 2022, Kwiatkowski's boyfriend, who was a personal acquaintance of Rob Wagner complained to him on Kwiatkowski's behalf about the change in Kwiatkowski's compensation.  After this complaint, Cooper reduced his communication with Kwiatkowski.

28.     On August 19, 2022, Cooper notified Kwiatkowski that she would be on a point commission system, and she would no longer receive a salary.

29.     On August 22, 2022, Cooper instructed the CFO to notify plaintiff again that she was no longer a salaried employee.  She would be commission only, and she was sent a COBRA application for her health benefits which she could not afford to pay.

30.     On August 23, 2022, Rob Wagner texted plaintiff offering her a salary of $25,000 in addition to retention of her insurance.

31.     On August 25, 2022, LASS's attorney, Chris Kaluba telephoned plaintiff to terminate her effective immediately.  No stated reason was given.

32.     The actions taken against Kwiatkowski were unwanted and unwelcomed, and they interfered with her ability to perform her job duties.

33.     The sexually offensive conduct created a hostile and intimidating environment.

## COUNT I
## SEXUAL HARASSMENT
## (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)
## LAND AIR SEA SYSTEMS, INC.

34.     Kwiatkowski hereby incorporates and realleges each and every allegation

continued in paragraphs 1 through 33 above as though fully set forth herein.

35.     LASS by its agent and employee, engaged in sexual harassment of Kwiatkowski

maliciously and with reckless indifference to her rights under Title VII, as amended.

36.     Kwiatkowski never welcomed any of the acts of sexual harassment committed by

Cooper.

37.     Kwiatkowski has suffered and will continue to suffer irreparable injury caused by

LASS's illegal conduct.

38.     The afore-mentioned treatment of Kwiatkowski was because of her sex, female,

in violation of Title VII, as amended.

39.     As a result of the acts complained of herein, Kwiatkowski has suffered and will

continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental

anguish, loss of career opportunities, damages to her reputation and professional development,

and other compensable losses and damages.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court

enter an Order for the following relief:

a.  Declare the acts complained of herein to be violations of applicable law;

b.  Enter an Order enjoining and permanently restraining those violations of Title VII
    and its amendments;

c.  Defendant compensate, reimburse and make Plaintiff whole for any benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

d.  Enter an Order that defendant pay an award to compensate her for pain and suffering and for the humiliation, anguish, embarrassment, and other compensable damages caused by the defendant's unlawful treatment in an amount to be determined at trial;

e.  Plaintiff prays for an award of punitive damages in an amount to be determined and which is appropriate pursuant to Title VII as amended to punish the defendant for the willful and malicious conduct necessary to deter defendant from engaging in such misconduct in the future;

f.  Plaintiff prays that this Court award plaintiff's costs and expenses of this suit and award Plaintiff's reasonable attorneys' fees under Title VII; and

g.  That this Court grant such additional further and equitable relief as it deems just and proper.

## COUNT II
## SEXUAL HARASSMENT
## (ILLINOIS HUMAN RIGHTS ACT)
## (775 ILCS 5/2-101 *et seq.*)
## LAND AIR SEA SYSTEMS, INC.

40.     Kwiatkowski hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 39 above as though fully set forth herein.

41.     Kwiatkowski was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775 ILCS 5/2-101.

42.     LASS was an "employer" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775   ILCS 5/2-101 (B)(1)(b).

43.     LASS by its employee engaged in sexual harassment of Kwiatkowski maliciously and with reckless indifference to her rights under the Illinois Human Rights Act 775 ILCS 5/1-101 *et. seq.*

8

44. Kwiatkowski never welcomed any of the acts of sexual harassment committed by Cooper.

45. Kwiatkowski has suffered and will continue to suffer irreparable injury caused by LASS's illegal conduct.

46. The aforementioned treatment of Kwiatkowski was because of her sex, female, in violation of the Illinois Human Rights Act 775 ILCS 5/2-102.

47. As a result of the acts complained of herein, Kwiatkowski has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, damages to her reputation and professional development, and other compensable losses and damages.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a. Enter a Cease and Desist Order;

b. Actual damages as reasonably determined by this Court for injury or loss suffered by plaintiff;

c. Hire, reinstate or upgrade plaintiff with or without backpay or provide such fringe benefits as the plaintiff may have been denied;

d. Admit or restore plaintiff to labor organization membership, guidance program, apprenticeship training program, on the job training program, or other occupational training or retraining program;

e. Admit plaintiff to a public accommodation;

f. Extend to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of defendant.

g. Pay to plaintiff all or a portion of the costs of maintaining the action including reasonable attorney's fees and witness fees incurred in maintaining this action before the Department, the Commission, in any judicial review and judicial enforcement proceeding, and before this Court;

h.  Require defendant to report as to the manner of the compliance;

i.  Post notices in a conspicuous place which the Commission may publish or cause to be published setting forth requirements for compliance with this Act or other relevant information which the Commission determines necessary to explain this Act.

j.  Take such action as may be necessary to make plaintiff whole, including but not limited to, awards of interest on plaintiff's actual damages and backpay from the date of the civil rights violation.

## COUNT III
## RETALIATION FOR REBUFFING SEXUAL HARASSMENT
## (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)
## LAND AIR SEA SYSTEMS, INC.

48.  Kwiatkowski hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 47 above as though fully set forth herein.

49.  LASS by its owners, directors, officers, and/or employees retaliated against Kwiatkowski following her complaints and or opposition to sexual harassment in violation of her rights under Title VII, as amended.

50.  Kwiatkowski's actions in complaining about the sexual harassment she experienced constituted protected activity within the meaning of Title VII, as amended.

51.  LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under Title VII, as amended, by actions including but not limited to the following:

- Cooper threatened to reduce Kwiatkowski's salary.  (July 6, 2022)
- Cooper notified Kwiatkowski her compensation was going to be changed to straight commission (July 6, 2022).
- Cooper notified Kwiatkowski she would be on the point commission system, and there would be no salary (August 19, 2022).
- The CFO advised Kwiatkowski that Cooper stated that she was commission only, and the company was no longer paying for her benefits (August 23, 2022).
- Wagner texted Kwiatkowski offering her a reduced salary to keep her health insurance.(August 23, 2022)

- Kwiatkowski was never given her employment contract.

52.     As a result of the acts complained of herein, Kwiatkowski has suffered and will continue to suffer the effects of unlawful retaliation, emotional distress, mental anguish, damage to her reputation and professional development, and other compensable losses and damages.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a.  Declare the acts complained of herein to be violations of applicable law;

b.  Enter an Order enjoining and permanently restraining those violations of Title VII and its amendments;

c.  Defendant compensate, reimburse and make Plaintiff whole for any benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

d.  Enter an Order that defendant pay an award to compensate her for pain and suffering and for the humiliation, anguish, embarrassment, and other compensable damages caused by the defendant's unlawful treatment in an amount to be determined at trial;

e.  Plaintiff prays for an award of punitive damages in an amount to be determined and which is appropriate pursuant to Title VII as amended to punish the defendant for the willful and malicious conduct necessary to deter defendant from engaging in such misconduct in the future;

f.  Plaintiff prays that this Court award plaintiff's costs and expenses of this suit and award Plaintiff's reasonable attorneys' fees under Title VII; and

g.  That this Court grant such additional further and equitable relief as it deems just and proper.

## COUNT IV
## RETALIATION FOR REBUFFING SEXUAL HARASSMENT
## ILLINOIS HUMAN RIGHTS ACT
## (775 ILCS 5/2-101 *et seq.*)
## LAND AIR SEA SYSTEMS, INC.

53.     Kwiatkowski restates and realleges as though fully set forth herein paragraphs 1 through 52 as though fully set forth herein.

54.     Kwiatkowski was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775 ILCS 5/2-101.

55.     LASS was an "employer" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775   ILCS 5/2-101 (B)(1)(b).

56.     LASS by its owners, officers, employees and directors, engaged in sexual harassment of Kwiatkowski maliciously and with reckless indifference to her rights under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

57.     LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under the Illinois Human Rights Act by the following:

- Cooper threatened to reduce Kwiatkowski's salary.  (July 6, 2022)
- Cooper notified Kwiatkowski her compensation was going to be changed to straight commission (July 6, 2022).
- Cooper notified Kwiatkowski she would be on the point commission system, and there would be no salary (August 19, 2022).
- The CFO advised Kwiatkowski that Cooper stated that she was commissioned only, and  the company was no longer paying for her benefits (August 23, 2022).
- Wagner texted Kwiatkowski offering her a reduced salary to keep her health insurance.(August 23, 2022)
- Plaintiff was never given her employment contract.

58.     Kwiatkowski's opposition to and objection about the aforesaid remarks, comments and conduct were protected activities within the meaning of the Illinois Human Rights Act.

59.     Kwiatkowski's stated reasons for the actions taken against Kwiatkowski were pretextual.

60.     The remarks and conduct directed toward Kwiatkowski were made with malice or reckless indifference in violation of her rights pursuant to 775 ILCS 5/6-101 (A).

61.     Kwiatkowski has suffered and continues to suffer irreparable injury as a result of LASS's illegal retaliatory activity.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a. Enter a Cease and Desist Order;

b. Actual damages as reasonably determined by this Court for injury or loss suffered by plaintiff;

c. Hire, reinstate or upgrade plaintiff with or without backpay or provide such fringe benefits as the plaintiff may have been denied;

d. Admit or restore plaintiff to labor organization membership, guidance program, apprenticeship training program, on the job training program, or other occupational training or retraining program;

e. Admit plaintiff to a public accommodation;

f. Extend to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of defendant.

g. Pay to plaintiff all or a portion of the costs of maintaining the action including reasonable attorney's fees and witness fees incurred in maintaining this action before the Department, the Commission, in any judicial review and judicial enforcement proceeding, and before this Court;

h. Require defendant to report as to the manner of the compliance;

i. Post notices in a conspicuous place which the Commission may publish or cause to be published setting forth requirements for compliance with this Act or other relevant information which the Commission determines necessary to explain this Act.

j. Take such action as may be necessary to make plaintiff whole, including but not limited to, awards of interest on plaintiff's actual damages and backpay from the date of the civil rights violation.

## COUNT V
## RETALIATION FOR REPORTING SEXUAL HARASSMENT
## (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)
## LAND AIR SEA SYSTEMS, INC.

62.     Kwiatkowski hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 61 above as though fully set forth herein.

63.     LASS by its owners, directors, officers, and/or employees retaliated against Kwiatkowski following her complaints and or opposition to sexual harassment in violation of her rights under Title VII, as amended.

64.     Kwiatkowski's actions in complaining about the sexual harassment she experienced constituted protected activity within the meaning of Title VII, as amended.

65.     LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under Title VII, as amended, by actions including but not limited to the following:

- Cooper threatened to reduce Kwiatkowski's salary.  (July 6, 2022)
- Cooper notified Kwiatkowski her compensation was going to be changed to straight commission (July 6, 2022).
- Cooper notified Kwiatkowski she would be on the point commission system, and there would be no salary (August 19, 2022).
- The CFO advised plaintiff that Cooper stated that she was commission only, and  the company was no longer paying for her benefits (August 23, 2022).
- Wagner texted Kwiatkowski offering her a reduced salary to keep her health insurance.(August 23, 2022)
- Kwiatkowski was never given her employment contract.

66.     As a result of the acts complained of herein, Kwiatkowski has suffered and will continue to suffer the effects of unlawful retaliation, emotional distress, mental anguish, damage to her reputation and professional development, and other compensable losses and damages.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a.  Declare the acts complained of herein to be violations of applicable law;

b.  Enter an Order enjoining and permanently restraining those violations of Title VII and its amendments;

c.  Defendant compensate, reimburse and make Plaintiff whole for any benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

d. Enter an Order that defendant pay an award to compensate her for pain and suffering and for the humiliation, anguish, embarrassment, and other compensable damages caused by the defendant's unlawful treatment in an amount to be determined at trial;

e. Plaintiff prays for an award of punitive damages in an amount to be determined and which is appropriate pursuant to Title VII as amended to punish the defendant for the willful and malicious conduct necessary to deter defendant from engaging in such misconduct in the future;

f. Plaintiff prays that this Court award plaintiff's costs and expenses of this suit and award Plaintiff's reasonable attorneys' fees under Title VII; and

g. That this Court grant such additional further and equitable relief as it deems just and proper.

**COUNT VI**
**RETALIATION FOR REPORTING SEXUAL HARASSMENT**
**ILLINOIS HUMAN RIGHTS ACT**
**(775 ILCS 5/2-101 *et seq.*)**
**LAND AIR SEA SYSTEMS, INC.**

67.     Kwiatkowski restates and realleges as though fully set forth herein paragraphs 1 through 66 as though fully set forth herein.

68.     Kwiatkowski was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775 ILCS 5/2-101.

69.     LASS was an "employer" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775   ILCS 5/2-101 (B)(1)(b).

70.     LASS by its owners, officers, employees and directors, engaged in sexual harassment of Kwiatkowski maliciously and with reckless indifference to her rights under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

71.     LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under the Illinois Human Rights Act by the following:

- Cooper threatened to reduce plaintiff's salary.  (July 6, 2022)

- Cooper notified plaintiff her compensation was going to be changed to straight commission (July 6, 2022).
- Cooper notified plaintiff she would be on the point commission system, and there would be no salary (August 19, 2022).
- The CFO advised plaintiff that Cooper stated that she was commissioned only, and the company was no longer paying for her benefits (August 23, 2022).
- Wagner texted plaintiff offering her a reduced salary to keep her health insurance.(August 23, 2022)
- Plaintiff was never given her employment contract.

72. Kwiatkowski's opposition to and objection about the aforesaid remarks, comments and conduct were protected activities within the meaning of the Illinois Human Rights Act.

73. Kwiatkowski's stated reasons for the actions taken against Kwiatkowski were pretextual.

74. The remarks and conduct directed toward Kwiatkowski were made with malice or reckless indifference in violation of her rights pursuant to 775 ILCS 5/6-101 (A).

75. Kwiatkowski has suffered and continues to suffer irreparable injury as a result of LASS's illegal retaliatory activity.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a. Enter a Cease and Desist Order;

b. Actual damages as reasonably determined by this Court for injury or loss suffered by plaintiff;

c. Hire, reinstate or upgrade plaintiff with or without backpay or provide such fringe benefits as the plaintiff may have been denied;

d. Admit or restore plaintiff to labor organization membership, guidance program, apprenticeship training program, on the job training program, or other occupational training or retraining program;

e. Admit plaintiff to a public accommodation;

f.  Extend to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of defendant.

g.  Pay to plaintiff all or a portion of the costs of maintaining the action including reasonable attorney's fees and witness fees incurred in maintaining this action before the Department, the Commission, in any judicial review and judicial enforcement proceeding, and before this Court;

h.  Require defendant to report as to the manner of the compliance;

i.  Post notices in a conspicuous place which the Commission may publish or cause to be published setting forth requirements for compliance with this Act or other relevant information which the Commission determines necessary to explain this Act.

j.  Take such action as may be necessary to make plaintiff whole, including but not limited to, awards of interest on plaintiff's actual damages and backpay from the date of the civil rights violation.

## COUNT VII
## RETALIATION FOR REBUFFING SEXUAL HARASSMENT
## (TERMINATION)
## (TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)
## LAND AIR SEA SYSTEMS, INC.

76.  Kwiatkowski hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 75 above as though fully set forth herein.

77.  LASS, by its owners, directors, officers, and/or employees retaliated against Kwiatkowski following her complaints and or opposition to sexual harassment in violation of her rights under Title VII, as amended.

78.  Kwiatkowski's actions in complaining about the sexual harassment she experienced constituted protected activity within the meaning of Title VII, as amended.

79.  LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under Title VII, as amended, by actions by terminating her on August 25, 2022.

80.     As a result of the acts complained of herein, Kwiatkowski has suffered and will continue to suffer the effects of unlawful retaliation, emotional distress, mental anguish, damage to her reputation and professional development, and other compensable losses and damages.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a.  Declare the acts complained of herein to be violations of applicable law;

b.  Enter an Order enjoining and permanently restraining those violations of Title VII and its amendments;

c.  Defendant compensate, reimburse and make Plaintiff whole for any benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

d.  Enter an Order that defendant pay an award to compensate her for pain and suffering and for the humiliation, anguish, embarrassment, and other compensable damages caused by the defendant's unlawful treatment in an amount to be determined at trial;

e.  Plaintiff prays for an award of punitive damages in an amount to be determined and which is appropriate pursuant to Title VII as amended to punish the defendant for the willful and malicious conduct necessary to deter defendant from engaging in such misconduct in the future;

f.  Plaintiff prays that this Court award plaintiff's costs and expenses of this suit and award Plaintiff's reasonable attorneys' fees under Title VII; and

g.  That this Court grant such additional further and equitable relief as it deems just and proper.

**COUNT VIII**
**RETALIATION FOR REBUFFING SEXUAL HARASSMENT**
**(TERMINATION)**
**ILLINOIS HUMAN RIGHTS ACT**
**(775 ILCS 5/2-101 *et seq.*)**
**LAND AIR SEA SYSTEMS, INC.**

81.     Kwiatkowski restates and realleges as though fully set forth herein paragraphs 1 through 80 though fully set forth herein.

82.     Kwiatkowski was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775 ILCS 5/2-101.

83.     LASS was an "employer" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775   ILCS 5/2-101 (B)(1)(b).

84.     LASS by its owners, officers, employees and directors, engaged in sexual harassment of Kwiatkowski maliciously and with reckless indifference to her rights under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

85.     LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under the Illinois Human Rights Act by terminating her on August 25, 2022.

86.     Kwiatkowski's opposition to and objection about the aforesaid remarks, comments and conduct were protected activities within the meaning of the Illinois Human Rights Act.

87.     Kwiatkowski's stated reasons for the actions taken against Kwiatkowski were pretextual.

88.     The remarks and conduct directed toward Kwiatkowski were made with malice or reckless indifference in violation of her rights pursuant to 775 ILCS 5/6-101 (A).

89.     Kwiatkowski has suffered and continues to suffer irreparable injury as a result of LASS's illegal retaliatory activity.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

    a.   Enter a Cease and Desist Order;

    b.   Actual damages as reasonably determined by this Court for injury or loss suffered by plaintiff;

c. Hire, reinstate or upgrade plaintiff with or without backpay or provide such fringe benefits as the plaintiff may have been denied;

d. Admit or restore plaintiff to labor organization membership, guidance program, apprenticeship training program, on the job training program, or other occupational training or retraining program;

e. Admit plaintiff to a public accommodation;

f. Extend to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of defendant.

g. Pay to plaintiff all or a portion of the costs of maintaining the action including reasonable attorney's fees and witness fees incurred in maintaining this action before the Department, the Commission, in any judicial review and judicial enforcement proceeding, and before this Court;

h. Require defendant to report as to the manner of the compliance;

i. Post notices in a conspicuous place which the Commission may publish or cause to be published setting forth requirements for compliance with this Act or other relevant information which the Commission determines necessary to explain this Act.

j. Take such action as may be necessary to make plaintiff whole, including but not limited to, awards of interest on plaintiff's actual damages and backpay from the date of the civil rights violation.

**COUNT IX**
**RETALIATION FOR OPPOSING/REPORTING SEXUAL HARASSMENT**
**(TERMINATION)**
**(TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**
**LAND AIR SEA SYSTEMS, INC.**

90. Kwiatkowski hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 89 above as though fully set forth herein.

91. LASS by its owners, directors, officers, and/or employees retaliated against Kwiatkowski following her complaints and or opposition to sexual harassment in violation of her rights under Title VII, as amended.

92.     Kwiatkowski's actions in complaining about the sexual harassment she experienced constituted protected activity within the meaning of Title VII, as amended.

93.     LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under Title VII, as amended, by terminating her on August 25, 2022.

94.     As a result of the acts complained of herein, Kwiatkowski has suffered and will continue to suffer the effects of unlawful retaliation, emotional distress, mental anguish, damage to her reputation and professional development, and other compensable losses and damages.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a.  Declare the acts complained of herein to be violations of applicable law;

b.  Enter an Order enjoining and permanently restraining those violations of Title VII and its amendments;

c.  Defendant compensate, reimburse and make Plaintiff whole for any benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back and front pay;

d.  Enter an Order that defendant pay an award to compensate her for pain and suffering and for the humiliation, anguish, embarrassment, and other compensable damages caused by the defendant's unlawful treatment in an amount to be determined at trial;

e.  Plaintiff prays for an award of punitive damages in an amount to be determined and which is appropriate pursuant to Title VII as amended to punish the defendant for the willful and malicious conduct necessary to deter defendant from engaging in such misconduct in the future;

f.  Plaintiff prays that this Court award plaintiff's costs and expenses of this suit and award Plaintiff's reasonable attorneys' fees under Title VII; and

g.  That this Court grant such additional further and equitable relief as it deems just and proper.

**COUNT X**
**RETALIATION FOR OPPOSING/REPORTING SEXUAL HARASSMENT**
**(TERMINATION)**
**ILLINOIS HUMAN RIGHTS ACT**
**(775 ILCS 5/2-101 *et seq.*)**
**LAND AIR SEA SYSTEMS, INC.**

95.     Kwiatkowski restates and realleges as though fully set forth herein paragraphs 1 through 94 as though fully set forth herein.

96.     Kwiatkowski was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775 ILCS 5/2-101.

97.     LASS was an "employer" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775   ILCS 5/2-101 (B)(1)(b).

98.     LASS by its owners, officers, employees and directors, engaged in sexual harassment of Kwiatkowski maliciously and with reckless indifference to her rights under the Illinois Human Rights Act, 775 ILCS 5/1-101 *et. seq.*

99.     LASS, by its owners, managers, directors, officers, employees retaliated against Kwiatkowski in violation of her rights under the Illinois Human Rights Act by terminating her on August 25, 2022.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

   a.  Enter a Cease and Desist Order;

   b.  Actual damages as reasonably determined by this Court for injury or loss suffered by plaintiff;

   c.  Hire, reinstate or upgrade plaintiff with or without backpay or provide such fringe benefits as the plaintiff may have been denied;

d.  Admit or restore plaintiff to labor organization membership, guidance program, apprenticeship training program, on the job training program, or other occupational training or retraining program;

e.  Admit plaintiff to a public accommodation;

f.  Extend to plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of defendant.

g.  Pay to plaintiff all or a portion of the costs of maintaining the action including reasonable attorney's fees and witness fees incurred in maintaining this action before the Department, the Commission, in any judicial review and judicial enforcement proceeding, and before this Court;

h.  Require defendant to report as to the manner of the compliance;

i.  Post notices in a conspicuous place which the Commission may publish or cause to be published setting forth requirements for compliance with this Act or other relevant information which the Commission determines necessary to explain this Act.

j.  Take such action as may be necessary to make plaintiff whole, including but not limited to, awards of interest on plaintiff's actual damages and backpay from the date of the civil rights violation.

## COUNT XI
## NEGLIGENT SUPERVISION
## LAND AIR SEA SYSTEMS, INC.

100.    Kwiatkowski restates and realleges, as though fully set forth herein, paragraphs 1 through 99 as though fully set forth herein.

101.    At all times relevant hereto, Cooper's conduct was in furtherance of LASS business, and he was acting within the scope of the duties of his employment as a interim CEO.

102.    At all times relevant hereto, LASS's supervisors, managers and owners' conduct was in furtherance of LASS business and were acting within the scope of their duties of employment.

23

103.     LASS was aware of the illegal actions and improper behavior towards Kwiatkowski by Cooper, and yet it failed to take any action to protect Kwiatkowski prior to the incidents noted above.

104.     LASS negligently supervised Cooper allowing him to intentionally harm Kwiatkowski by committing battery and assault.

105.     LASS knew or should have known of the behavior of Cooper and his propensity to harm Kwiatkowski and others, for upon information and belief, he had engaged in similar conduct toward other females both within and outside of the workplace prior to the events that occurred with Kwiatkowski.  Upon information and belief, in some cases, the conduct directed to others occurred in front of and/or was reported to management/ownership.

106.     LASS had a duty to properly supervise its employees at all times to avoid its employees from continuously harming or injuring one another.

107.     As a direct and proximate result of LASS's actions, Kwiatkowski has suffered and will continue to suffer distress, anguish and economic injuries as a result of LASS's illegal activities including but not limited to lost wages, employee benefits and promotional opportunities.

108.     Kwiatkowski is entitled to punitive damages for LASS's willful, deliberate and wanton conduct.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a.     Compensatory and other damages for the injuries which she has suffered in an amount of at least Fifty Thousand and No/100 ($50,000.00) Dollars;

b.     Punitive damages in an amount to be determined at trial; and

c.     Any such other relief as determined to be just and proper.

## COUNT XII
## NEGLIGENT RETENTION
## LAND AIR SEA SYSTEMS, INC.

109.    Kwiatkowski restates and realleges, as though fully set forth herein, paragraphs 1 through 108.

110.    Despite having such knowledge about Cooper's propensity to cause harm to Kwiatkowski or others, LASS negligently retained Cooper.

111.    As a direct and proximate result of LASS's actions, Kwiatkowski has suffered and will continue to suffer distress, anguish and economic injuries as a result of LASS's illegal activities including but not limited to lost wages, employee benefits and promotional opportunities.

112.    Kwiatkowski is entitled to punitive damages for LASS willful, deliberate and wanton conduct.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

a.   Compensatory and other damages for the injuries which she has suffered in an amount of at least Fifty Thousand and No/100 ($50,000.00) Dollars;

b.   Punitive damages in an amount to be determined at trial; and

c.   Any such other relief as determined to be just and proper.

## COUNT XIII
## SEXUAL HARASSMENT
## (ILLINOIS HUMAN RIGHTS ACT)
## (775 ILCS 5/2-101 *et seq.*)
## STEVE COOPER

113.    Kwiatkowski hereby incorporates and realleges each and every allegation contained in paragraphs 1 through 112 above as though fully set forth herein.

114.     Kwiatkowski was an "employee" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775 ILCS 5/2-101.

115.     Cooper was an "employer" within the scope of the definition set forth under the Illinois Human Rights Act (IHRA) 775 ILCS 5/2-101 (B)(1)(b).

116.     Cooper engaged in sexual harassment of Kwiatkowski maliciously and with reckless indifference to her rights under the Illinois Human Rights Act 775 ILCS 5/1-101 *et. seq.*

117.     Kwiatkowski never welcomed any of the acts of sexual harassment committed by Cooper.

118.     Kwiatkowski has suffered and will continue to suffer irreparable injury caused by Cooper's illegal conduct.

119.     The aforementioned treatment of Kwiatkowski was because of her sex, female, in violation of the Illinois Human Rights Act 775 ILCS 5/2-102.

120.     As a result of the acts complained of herein, Kwiatkowski has suffered and will continue to suffer the effects of unlawful discrimination, extreme emotional distress and mental anguish, loss of career opportunities, damages to her reputation and professional development, and other compensable losses and damages.

WHEREFORE, plaintiff, Margaret Kwiatkowski, respectfully requests that this Court enter an Order for the following relief:

      a.   Compensatory and other damages for the injuries which she has suffered in an amount of at least Fifty Thousand and No/100 ($50,000.00) Dollars;

      b.   Any such other relief as determined to be just and proper.

**<u>Jury Demand</u>**

Plaintiff demands a trial by jury on all counts applicable to a jury.

Respectfully Submitted,

Favaro & Gorman, Ltd.

*s / Patricia L. Jochum*

By: _____

One of the plaintiff's attorneys

Dennis R. Favaro
*dfavaro@favarogorman.com*
Patricia L. Jochum
*pjochum@favarogorman.com*
Favaro & Gorman, Ltd.
9510 Turnberry Trail
Lakewood, Illinois 60014
(815) 477-1110